By the Court.
 

 It is conceded that there was no violation of civil service rules in discontinuing the em
 
 *628
 
 ployment and service of the plaintiff, but that, on the contrary, his “lay-off” was in complete accord with those rules. His claim for recovery herein is based entirely upon the fact that another, subsequently employed at an hourly wage, was assigned and performed the same duties which had devolved upon plaintiff prior to his “lay-off,” and such claim covers the period of the service performed by such other employee. It is not disclosed by the record how or by whom those duties were performed between the time of plaintiff’s “lay-off” (November 18, 1933) and the date of Wolfe’s employment (January 3, 1934). The plaintiff’s claim, therefore, is not based upon illegal discharge from service, but entirely upon failure to promptly restore him to duty when such service was required.
 

 The question of the plaintiff’s right to restoration to the position in question was submitted to the Court of Appeals of Cuyahoga county in a mandamus action instituted therein May 25, 1934, in which he sought restoration to his position and, upon issue made, the court denied the writ and dismissed the plaintiff’s petition. Hence, it was conclusively determined in that case that plaintiff was not entitled to be restored to the position. No authority, court decision or text has gone so far as to hold that where an employee was legally discharged or laid off he could recover compensation for a period during which he performed no service. None has gone so far as to hold that there may be a recovery for failure to re-employ or to restore to employment one who has been legally discharged or laid off. The decision in
 
 City of Cleveland
 
 v.
 
 Luttner,
 
 92 Ohio St., 493, 111 N. E., 280, Ann. Cas. 1917 D., 1134, was based upon a finding that the plaintiffs had been illegally discharged. We have no inclination to further extend the doctrine there announced.
 

 
 *629
 
 The judgment of the Court of Appeals is reversed and that of the Municipal Court of Cleveland affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day and Williams, J J., concur.
 

 Jones, J., concurs in the judgment on authority of
 
 City of Steubenville
 
 v.
 
 Culp,
 
 38 Ohio St., 18, 43 Am. Rep., 417.